[Civ. No. 6146. First Appellate District, Division Two.—February 24, 1928.]

CRYSTAL PETROLEUM PRODUCTS CORPORATION, Plaintiff and Appellant, v. F. J. ABBOTT, Defendant and Appellant; THOMAS C. JOB et al., Respondents.

Claud B. Andrews and John C. Gillham for Appellant.

Romaine L. Hogan for Respondents.

STURTEVANT, J.—The appellant F. J. Abbott was lessee of certain lots in Los Angeles County. He borrowed moneys from Thomas C. Job and assigned the lease as security for the repayment of those moneys. Thomas C. Job assigned to George B. Hull. F. J. Abbott failed to pay the moneys when due. Being in default, he sought to protect his interests by preserving his right to redeem if respondent should attempt to enforce his claim. He commenced an action against the respondent, praying for that relief. The respondent answered and also filed a cross-complaint. The cross-complaint was answered. The respondent made a motion for judgment on the pleadings. The motion was granted and the appeal is from that judgment. If the one question of law presented by appellants is decided against them the judgment should be affirmed.

That question involves section 700a of the Code of Civil Procedure, which is as follows: "Sales of personal property, and of real property, when the estate therein is less than a leasehold of two years' unexpired term, are absolute. In all other cases the property is subject to redemption, as provided in this chapter. . . . " The appellants concede at once that the section provides that the sale of certain fractional terms is absolute. But they contend that at the time of making the sale the sheriff should inquire when the security was given and what, at that time, was the length of the unexpired term. The appellants argue that otherwise the holder of the security may delay his proceedings until one day after the two years have expired and then file a proceeding which will result in the debtor losing his right of redemption. The contingency noted may at times arise, but the legislature, in its wisdom has adopted the statute. The clear wording of the language is equivalent to the statement that all sales of personal property are absolute. The unexpired term of a leasehold is subject to execution. (Code Civ. Proc., sec. 688.) The case may arise where the execution is levied on a leasehold by an unsecured creditor. In that event it is patent that the sheriff before making out his

certificate of sale would inquire what is the length of the unexpired term. That question is answered by the preceding section, section 700: "Upon a sale of real property, the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto *on the date of the levy of the execution* thereon, where such judgment is not a lien upon such property. . . . " (Italics ours.) In the case before us the record discloses that the decree was rendered September 15, 1925—less than two years before the expiration of the lease. It does not disclose when, if at all, the levy was made. In any event, it would be some date subsequent. If the writ ran in favor of an unsecured creditor it is clear that under the provisions of section 700a, *supra,* the title of the purchaser would be absolute. When, as here, the writ ran in favor of a secured creditor, the statute contains no exception and we are forced to the conclusion that the sale would confer the same rights whether the execution issued at the request of the secured creditor as on an unsecured creditor.

The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.